UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD RAYMOND,

    Plaintiff,

v.                                        Case No. 8:24-cv-1404-TPB-CPT

HILLSBOROUGH COUNTY,
FLORIDA, et al.,

    Defendants.
_____/

**ORDER GRANTING "DEFENDANT'S OPPOSED
DISPOSITIVE MOTION TO DISMISS PLAINTIFF'S COMPLAINT"**

This matter is before the Court on "Defendant's Opposed Dispositive Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law," filed on July 16, 224. (Doc. 6). Plaintiff Edward Raymond, who is representing himself in this action, did not file a response in opposition. After reviewing the motion, court file, and the record, the Court finds as follows:

**Background**

This case arises from alleged constitutional and state law violations that allegedly occurred during the arrest of Plaintiff Edward Raymond on January 19, 2024. According to Plaintiff, after he left a party where he was showcasing smoke shop products, and while he was driving a rented 2023 Chrysler Pacifica van, law enforcement officers from the Hillsborough County Sheriff's Office initiated a traffic stop. Plaintiff claims that two deputies approached his car with their firearms

Page 1 of 11

drawn and asked whether he was okay or not because Plaintiff had pulled over so quickly and too far on the sidewalk.

After confirming that Plaintiff was not in distress and informing him of an observed traffic infraction, a deputy asked Plaintiff if he had a medical cannabis prescription. Although he answered that he had a medical prescription, Plaintiff claims he was immediately removed from his vehicle, and his firearm was removed from plaintiff's waist holster. Officers searched the van and discovered a large quantity of cannabis and a large quantity of psilocybin mushrooms.

Officers read Plaintiff his *Miranda* rights and arrested him for possession of a firearm with the intent to traffic controlled substances, possession of psilocybin (mushroom), and possession of cannabis. The charges against Plaintiff were resolved when he pleaded no contest to two misdemeanor charges of cannabis/drug paraphernalia.

On June 10, 2024, Plaintiff filed the instant lawsuit, asserting at least eleven separate claims for relief based on his arrest. He has brought claims against Hillsborough County, the Hillsborough County Sheriff's Office, and three deputy sheriffs. His claims include unlawful seizure under § 1983 (Count 1), racial discrimination under §§ 1983 and 1981 based on the unlawful seizure (Count 2), violation of Second Amendment right to bear arms (Count 3), wrongful or false arrest under state law (Count 4), kidnapping under state law (Count 5), intentional infliction of emotional distress under state law (Count 6), malicious prosecution under state law (Count 7), malicious prosecution under § 1983 (Count 8), illegal

search and seizure under federal postal law (Count 9), abuse of process under § 1983 (Count 10), and deliberate indifference under § 1983 (Count 11).  Defendant Hillsborough County Sheriff's Office filed a motion to dismiss, seeking dismissal with prejudice.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).  "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, the court's scope of review is limited to the four corners of the complaint. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).  However, a document attached to the pleading as an exhibit or referred to in the complaint may be considered if it is central to the plaintiff's claim and the authenticity of the document is not challenged.  *See Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("Where the plaintiff refers to certain documents in the complaint and those documents are central to the

plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal […]"). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform to procedural rules, and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

### *Claims Against Hillsborough County Sheriff's Office*

As an initial matter, Plaintiff has sued the Hillsborough County Sheriff's Office. The Hillsborough County Sheriff's Office is not a legal entity subject to suit under Florida law. *See Dorey v. Hartmann*, 2023 WL 6518961, at *2 (M.D. Fla. Oct. 5, 2023) (citing *Wilk v. St. Lucie Cty. Fla. Sheriff Off.*, 740 F. App'x 658, 662 (11th Cir. 2018)). The Hillsborough County Sheriff's Office is therefore not a proper

party. The proper party to sue for the wrongs of deputy sheriffs is the Sheriff, in his official capacity. The Court would normally grant leave to amend for Plaintiff to correct to sue the proper parties. However, amendment would be futile because his claims wholly lack legal merit, for the reasons discussed below.

*§ 1983 Claims (Counts 1, 2, 8, 10, 11)*

In Counts 1, 2, 8, 10, and 11, Plaintiff asserts various claims for alleged violations of rights under § 1983. Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a plaintiff cannot bring a § 1983 claim after being convicted of a criminal offense that arises from the same acts that underlie the civil suit. This principle was reaffirmed by the Eleventh Circuit in *Abella v. Rubina*, 63 F.3d 1063, 1065 (11th Cir. 1995). The purpose of the *Heck* doctrine is to avoid undermining the finality or validity of criminal convictions. *See Heck*, 512 U.S. at 487.

When determining whether a claim is barred by *Heck*, a court considers: (1) whether there is an underlying conviction or sentence; (2) whether a judgment in favor of the plaintiff would imply the invalidity of the underlying conviction or sentence; and (3) whether the underlying conviction or sentence has been invalidated or otherwise favorable terminated for the defendant. *Henry v. City of Mt. Dora*, No. 5:13-cv-528-Oc-30PRL, 2014 WL 5823229, at *3 (M.D. Fla. Nov. 10, 2014).

Plaintiff was arrested for possession of a firearm with intent to traffic controlled substances, possession of psilocybin (mushroom), and possession of cannabis. The charges against him were resolved when he pleaded no contest to

two related misdemeanor charges of possession of cannabis and drug paraphernalia. Under Florida law, nolo contendere pleas are considered convictions. *Hoffman v. Beseler*, 760 F. App'x 775, 779 (11th Cir. 2019) (citing § 960.291(3); *Stephens v. DeGiovanni*, 852 F.3d 1298, 1319 (11th Cir. 2017)).

In his § 1983 claims, Plaintiff relies upon the same underlying facts related to his arrest that later formed the basis of his nolo contendere plea. A judgment in favor of Plaintiff on any of these claims – unlawful seizure under § 1983 (Count 1), racial discrimination under §§ 1983 and 1981 based on unlawful seizure (Count 2), malicious prosecution under § 1983 (Count 8), abuse of process under § 1983 (Count 10), and deliberate indifference under § 1983 (Count 11) – would imply the invalidity of his underlying convictions or sentences for possession of cannabis and drug paraphernalia because Plaintiff's claims turn upon the legality of the seizure and the existence of probable cause. And the underlying convictions and sentences have not been invalidated or otherwise favorably terminated in Plaintiff's favor. The fact that Plaintiff ultimately pled guilty to different criminal charges than the charges for which he was initially arrested for or charged with does not change the Court's analysis. *See Hoffman*, 760 F. App'x at 779 (concluding that the *Heck* doctrine barred all claims where plaintiff was originally charged with fraud and grand theft but later pled nolo contendere to reduced charges of petit theft, a lesser included offense). As such, Counts 1, 2, 8, 10, and 11 are barred by *Heck* and are dismissed.

*State law claims (Counts 4, 6, and 7)*

In Count 4, Plaintiff asserts a wrongful arrest or false arrest claim under Florida state law. It is well-settled that probable cause is an absolute bar to a false arrest claim. *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) ("[P]robable cause constitutes an absolute bar to both state and § 1983 claims alleging false arrest."). A criminal defendant's nolo contendere plea acts as acknowledgement by the defendant that probable cause exists. *Stephens v. DeGiovanni*, 852 F.3d 1298, 1320 (11th Cir. 2017). Because Plaintiff pleaded nolo contendere to two criminal charges, he has acknowledged that there was probable cause for his arrest and therefore cannot state a claim for false arrest. Count 4 is dismissed with prejudice.

In Count 6, Plaintiff asserts a claim for intentional infliction of emotional distress under state law, claiming that during his arrest, he was "caused emotional distress and harmed" and that the Sheriff's Office conspired to create a "false official record to be used against him." "In Florida, the tort of intentional infliction of emotional distress requires the Plaintiff to prove the following elements: (1) the wrongdoer's conduct was intentional or reckless, that is, he intended his behavior and he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, that is, to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Frias v. Demings*, 823 F. Supp. 2d 1279, 1289 (M.D. Fla. 2011) (citing *LeGrande v. Emmanuel*, 889 So. 2d 991, 994 (Fla. 3d DCA 2004)). Although there is no

exhaustive list of what may constitute "outrageous conduct," Florida common law has maintained an extremely high standard. *Merrick v. Radisson*, No. 8:06-cv-1591-T-24TGW, 2007 WL 1576361, at *4 (M.D. Fla. 2007) (citing *Golden v. Complete Holdings Inc.*, 818 F. Supp. 1495, 1499 (M.D. Fla. 1993)).

Although being arrested may be embarrassing, it is not considered extreme or outrageous to support a claim for intentional infliction of emotional distress absent some other outrageous conduct. *Frias v. Demings*, 823 F. Supp. 2d 1279, 1289 (M.D. Fla. 2011). Count 6 is dismissed with prejudice.

In Count 7, Plaintiff asserts a malicious prosecution claim. Under Florida law, "[t]he elements of a malicious prosecution claim are: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding." *Zivojinovich v. Ritz Carlton Hotel Co.*, 445 F. Supp. 2d 1337, 1346 (M.D. Fla. 2006) (quoting *Valdez v. GAB Robins North America, Inc.*, 924 So. 2d 862, 866 n.1 (Fla. 3d DCA 2006)).

In this case, Plaintiff's nolo contendere plea means that the proceedings were not terminated in Plaintiff's favor, so he cannot state a plausible claim for relief.

*See Hoffman,* 760 F. App'x at 779; *see also Behm v. Campbell,* 925 So. 2d 1070, 1072 (Fla. 5th DCA 2006).  The nolo contendere plea also establishes probable cause for the original proceeding.  *See Stephens v. DeGiovanni,* 852 F.3d 1298, 1320 (11th Cir. 2017).  Because there is no showing or even suggestion that Plaintiff entered into the nolo contendere plea because of "fraud, perjury, or other corrupt means," he cannot state a claim.  *See id.*  Count 7 is dismissed with prejudice.

### *Other claims (Counts 3, 5, and 9)*

In Count 3, Plaintiff claims that Defendants violated his right to bear arms.  There is no cognizable cause of action by a gun owner against a government agency or employee for this claimed violation.  *See Howe v. City of Enterprise*, 2018 WL 8545947, at *33 (M.D. Ala. 2018) (rejecting claim of second amendment violation where individual officer disarmed plaintiff during investigation at plaintiff's home).  Even if there was such a claim, Plaintiff in this case was divested of his firearm during a lawful traffic stop for officer safety reasons, and after his arrest, he would not be permitted to carry a firearm into a detention facility as an arrestee.  Count 3 is dismissed with prejudice.

In Count 5, Plaintiff asks the Court to recognize a civil action for kidnapping.  There is no cognizable civil action available for kidnapping under Florida state law or federal law.  *See* § 910.14, *F.S.* (kidnapping is state criminal offense); *Akhenaten v. Brown,* No. 3:24-cv-481-WWB-SJH, 2024 WL 4201903, at *5 (M.D. Fla. Aug. 16, 2024) (dismissing kidnapping claim because Florida criminal statute prohibiting kidnapping did not create private cause of action).  Moreover,

there was probable cause for the arrest, as reflected by Plaintiff's nolo contendere plea.  Count 5 dismissed with prejudice.

In Count 9, Plaintiff seeks criminal penalties against Defendants for "unlawfully" opening mail not addressed to them.[1]  Plaintiff does not have standing to pursue criminal action here, and there is no cognizable civil action available for violation of U.S. postal laws.  *See Woods v. McGuire*, 954 F.2d 388, 391 (6th Cir. 1992) (concluding there is no private right of action under 18 U.S.C. § 1703); *McCall v. U.S. Postal Service*, No. 20-cv-1282, 2020 WL 1666490, at *2 (E.D. Penn. Apr. 3, 2020) (same).  Even if Plaintiff could conceivably maintain a private cause of action, the statute provides that postal service officers or employees may not destroy, detain, delay, or open mail.  None of the Defendants are postal service employees.  Moreover, the "sealed packages" were the drug packages processed from his van by law enforcement officers during Plaintiff's arrest.  Count 9 is dismissed with prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendant's Opposed Dispositive Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law" (Doc. 6) is **GRANTED**, as set forth herein.

---

[1] This "mail" included packages that contained 15.6 pounds of cannabis in the form of vegetative plant and gummies/edibles and 5.6 pounds of mushrooms with the clear labeling of 'Psilocybin' on the packaging.

2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of November, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE